## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

DAMIEN BRIGGS,

        Plaintiff,

v.                                                    Case No:   6:23-cv-1662-WWB-LHP

CITY OF DAYTONA BEACH, KELLY
COPELAND and ROGER LAWSON,

        Defendants

_____

### ORDER

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION TO STRIKE DEFENDANT CITY OF DAYTONA BEACH'S AFFIRMATIVE DEFENSES (Doc. No. 17)**
>
> **FILED:**   **September 14, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.     BACKGROUND

    On July 20, 2023, Plaintiff Damien Briggs filed a complaint in state court against Defendants City of Daytona Beach ("Daytona Beach"), Kelly Copeland, and

Roger Lawson, alleging claims under state and federal law of false arrest, fabrication of arrest reports, unlawful detention and search, excessive force, assault, battery, and violations of Plaintiff's free speech rights.   Doc. No. 1.   With respect to Daytona Beach, Plaintiff has alleged claims of fabrication of arrest reports, vicarious liability assault, and violation of Plaintiff's first amendment rights.   *Id.* On August 31, 2023, Defendants Daytona Beach and Roger Lawson removed the case to this Court.   Doc. No. 1-1.

On September 7, 2023, Daytona Beach filed its answer to the amended complaint, which asserts eight (8) affirmative defenses.   Doc. No. 10.   By the above-styled motion, Plaintiff moves to strike six (6) of them.   Doc. No. 17. Daytona Beach opposes.   Doc. No. 20.   The motion is therefore fully briefed and has been referred to the undersigned.   For the reasons set forth below, the motion (Doc. No. 17) is due to be denied in its entirety.

## II.    LEGAL STANDARD.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters."   *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citation omitted).   Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8.   *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002).   According to

Rule 8, a party must "state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), (c)(1).

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "motions to strike under Federal Rule of Civil Procedure 12(f) are decidedly disfavored and are generally time wasters for the Court and counsel." *Erdogam v. Suntree Country Club, Inc.*, Case No. 6:14-cv-1991-Orl-41DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015) (citation omitted). A motion to strike is a drastic remedy that will ordinarily only be granted if the material sought to be stricken is insufficient as a matter of law. *Arthurs v. Glob. TPA LLC*, Case No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015) (citations omitted). "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, Case No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (*citing Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683).

A court should not strike an affirmative defense unless it is "shown that the allegations being challenged are so unrelated to [a party's] claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout

the proceeding will be prejudicial to the moving party." *Erdogam*, 2015 WL 12838848, at *1. "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, Case No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (*quoting Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).[1]

## III.   ANALYSIS

Daytona Beach's six affirmative defenses challenged by Plaintiff provide:

---

[1] Although some courts have held to the contrary, and there is no binding precedent on this issue, the undersigned agrees with courts from this District holding that the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571-72 (2007), do not apply to affirmative defenses. *See Gibson v. Am. Express Co.*, Case No. 6:20-cv-2216-CEM-LRH, 2021 WL 2828314, at *2 (M.D. Fla. Apr. 21, 2021) (*citing Leveille v. Upchurch*, Case No. 3:19-cv-908-BJD-MCR, 2021 WL 1530728, at *2 (M.D. Fla. Apr. 19, 2021)) ("This Court . . . is among the many and possibly the majority of courts in the Middle District of Florida that have determined the pleading requirements of *Iqbal* and *Twombly* do not extend to affirmative defenses."); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, Case No. 6:19-cv-668-Orl-40DCI, 2019 WL 5395780, at *1 (M.D. Fla. June 28, 2019) ("[T]he Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses."); *Gonzalez v. Midland Credit Mgmt., Inc.*, Case No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (noting that the Eleventh Circuit has not resolved the issue but collecting District Court cases and siding with the courts that have found *Iqbal*/*Twombly* standards inapplicable to assertion of defenses). Rule 8(c) requires only that an affirmative defense "place Plaintiffs on notice of the legal and factual defenses that Defendant intends to raise at trial." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, Case No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). It does not appear that Plaintiff contests this point. *See* Doc. No. 17, at 2.

**Third Affirmative Defense**: [Daytona Beach] asserts that at all times material hereto, [Daytona Beach] did not have an official or unofficial policy, custom, or practice of deliberate indifference, inadequate training or supervision, excessive force, false arrest, unlawful search or seizure, or violating Plaintiff's or any other individual's constitutional rights, or ratifying such alleged conduct, and, therefore, no municipal liability exists under 42 U.S.C. § 1983.

**Fourth Affirmative Defense:** [Daytona Beach] asserts that Officer Lawson or Officer Copeland had probable cause to stop, detain, search, and arrest Plaintiff and, therefore, there is no liability for false arrest under Florida state law.

**Fifth Affirmative Defense:** [Daytona Beach] asserts that Officer Lawson or Officer Copeland had arguable probable cause to stop, detain, search, and arrest Plaintiff and, therefore, there is no liability for false arrest under 42 U.S.C. § 1983.

**Sixth Affirmative Defense:** [Daytona Beach] asserts that it properly trained and supervised its police officers, including Officer Lawson and Officer Copeland, pursuant to established and constitutional law enforcement standards, policies, and procedures, regarding arrests and search and seizure under the Fourth Amendment to the United States Constitution and Florida Constitution.

**Seventh Affirmative Defense:** [Daytona Beach] asserts that Officer Lawson and Officer Copeland acted in a reasonable and lawful manner, without malice, and pursuant to the reasonable and lawful policies of the Daytona Beach Police Department.

**Eighth Affirmative Defense:** [Daytona Beach] asserts that Officer Lawson and Officer Copeland made lawful or reasonable commands to Plaintiff based upon the totality of the circumstances and, therefore, there was no apprehension of immediate, harmful or offensive contact with Plaintiff's person to constitute the tort of assault.

Doc. No. 10, at 2–4.

A.     *Affirmative Defenses 3 and 6*

Plaintiff first contends that Daytona Beach's third and sixth affirmative defenses should be stricken because they are boilerplate and lack "any law or facts to notify Plaintiff of the ground upon which" they rest.   Doc. No. 17, at 2–3. Plaintiff further contends that these defenses are actually an attempt to allege a defect in Plaintiff's *prima facie* case, are duplicative, and do not identify any training or policies that would have prevented the actions alleged in the complaint.   *Id.*, at 3.

Plaintiff's arguments are not persuasive.   First, "[a]ffirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken."   *Reese v. Florida BC Holdings, LLC*, Case No. 6:17-cv-1574-Orl-41GJK, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017).   *See also PNC Bank v. Craggs Constr. Co.*, Case No. 5:16-cv-398-Oc-30PRL, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) ("Denials . . . that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials.") (citation omitted); *William Stone Premier Props., LLC v. Oni Babatunde E.*, Case No. 6:16-cv-2157-Orl-31GJK, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it."), *report and recommendation adopted*, 2017 WL

2257720 (M.D. Fla. May 23, 2017).   Here, as Plaintiff argues, affirmative defenses 3 and 6 appear to be more in the line of denials, and therefore will not be stricken.

The Court also disagrees with Plaintiff that these defenses fail to provide Plaintiff with adequate notice of the legal and factual defenses Daytona Beach intends to raise at trial, or that they are unnecessarily duplicative.   *See* Fed. R. Civ. P. 8(c).   Moreover, "[t]o the extent Plaintiff requires greater factual detail for this defense, Plaintiff may acquire those facts through discovery."   *Jones v. Kohl's Dep't Stores, Inc.*, Case No. 15-CIV-61626, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015). *See also Jackson v. Frontier Comm.*, Case No. 6:20-cv-839-WWB-EJK, 2022 WL 17539684, at *3 (M.D. Fla. Dec. 8, 2022) (holding same).

B.     *Affirmative Defenses 4 and 5*

Plaintiff next argues that Daytona Beach's fourth and fifth affirmative defenses are "insufficient to satisfy Rule 8(c) because [they do] not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense[s]."   Doc. No. 17, at 3.   Daytona Beach's fourth and fifth affirmative defenses relate to whether the two officers in question — Defendants Roger Lawson and Kelly Copeland — had either probable cause or arguable probable cause to arrest Plaintiff.   Doc. No. 10, at 3.

Upon review, the undersigned finds that these defenses adequately place Plaintiff on notice of the legal and factual defenses Daytona Beach intends to raise

in this case, and therefore complies with Rule 8(c).   To the extent that Plaintiff requests further factual detail, that can be obtained during the discovery process. *See Jones*, 2015 WL 12781195, at *3; *Jackson*, 2022 WL 17539684, at *3.   And to the extent that these defenses are more akin to denials pointing out a defect in Plaintiff's claims, they also will not be stricken.   *See Reese*, 2017 WL 8812778, at *2; *Craggs Constr. Co.*, 2016 WL 6493908, at *2; *William Stone Premier Props., LLC*, 2017 WL 2266919, at *3.   *See also Davis v. Holifield*, Case No. CA 21-0044-CG-MU, 2021 WL 6137309, at *8 (S.D. Ala. Dec. 9, 2021), *report and recommendation adopted*, 2021 WL 6134692 (S.D. Ala. Dec. 29, 2021) (declining to strike affirmative defense of probable cause both as complying with Rule 8(c) and as a specific denial); *Afrin v. Belk Inc.*, Case No. 5:20-CV-3-OC-30PRL, 2020 WL 10055350, at *2 (M.D. Fla. May 13, 2020) (declining to strike affirmative defense of probable cause as it placed plaintiff on sufficient notice, was a specific denial, and further facts could be developed during discovery).

C.     *Affirmative Defenses 7 and 8*

Plaintiff seeks to strike Daytona Beach's seventh affirmative defense because it is misleading and confusing, and because Daytona Beach fails to cite any policies or other facts to support the defense.   Doc. No. 17, at 4.   And Plaintiff moves to strike Daytona Beach's eighth affirmative defense "[f]or the reasons stated above," and because Daytona Beach fails to allege any facts to support the defense.   *Id.*   For

the same reasons the Court rejected Plaintiff's arguments with respect to Daytona Beach's other affirmative defenses, the Court finds Plaintiff's arguments equally unpersuasive here.   *See Jones*, 2015 WL 12781195, at *3; *Jackson*, 2022 WL 17539684, at *3; *Reese*, 2017 WL 8812778, at *2; *Craggs Constr. Co.*, 2016 WL 6493908, at *2; *William Stone Premier Props., LLC*, 2017 WL 2266919, at *3; *Davis v. Holifield*, 2021 WL 6137309, at *8; *Afrin v. Belk Inc.*, 2020 WL 10055350, at *2.

## IV.    CONCLUSION

For the reasons discussed in this Order, Plaintiff's Motion to Strike Daytona Beach's Affirmative Defenses (Doc. No. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2023.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties