UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMIEN BRIGGS,

        Plaintiff,

v.                                                Case No.: 6:23-cv-1662-WWB-LHP

CITY OF DAYTONA BEACH, KELLY
COPELAND and ROGER LAWSON,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Strike Notice of Removal (Doc. 3) and Defendant City of Daytona Beach's Response (Doc. 12) thereto.[1] Plaintiff asks the Court to strike Defendants' Notice of Removal (Doc. 1-1) on the grounds that the Notice failed to include all papers docketed in the original state court action and that Defendant failed to provide written notice to Plaintiff in violation of 28 U.S.C. § 1446(a), (d) and Local Rule 1.06(b).

As an initial matter, although Plaintiff alleges that Defendants have violated § 1446(a) and Local Rule 1.06, Plaintiff fails to cite any legal authority supporting his requested relief. Plaintiff further fails to certify that he conferred with Defendant regarding the requested relief as required by Local Rule 3.01(g). Plaintiff's Motion could be denied on these bases alone.

---

[1] Plaintiff's Motion fails to comply with the Court's January 23, 2021, Standing Order and Local Rule 3.01(g). In the interests of justice, the Court will consider the Motion, but the parties are cautioned that future failures to comply may result in striking without notice or leave to refile.

Even considering the merits, however, the Motion will be denied. To the extent Plaintiff argues that Defendants failed to give written notice in violation of § 1446(d), the record shows that is not the case. Defendants filed their Notice of Removal in this Court on August 31, 2023. (Doc. 1-1 at 3). On the same day, Defendants filed notice thereof in state court, which was electronically served upon counsel for Plaintiff. (*Id.* at 5–10; Doc. 12-3 at 1). Thus, Plaintiff's conclusory argument to the contrary is meritless.

Plaintiff also contends that Defendants failed to include three papers in the Notice of Removal: service of summons and complaint as to Defendant City of Daytona Beach (Doc. 3-1), Plaintiff's Motion for Default (Doc. 3-2), and the state court clerk's Order for Default (Doc. 3-3). Pursuant to 28 U.S.C. § 1446(a), a removing defendant must file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant." Local Rule 1.06(b) requires removing Defendants to "file with the notice of removal a legible copy of each paper docketed with the state court."

With respect to the Order of Default, the record shows it was not entered until the day Defendants filed the Notice of Removal in this Court and was not served upon Defendants until the following day. (Doc. 3-3 at 1; Doc. 12-4 at 1). Because the Order of Default had not been served upon Defendants when they filed the Notice of Removal, Defendants were not required to include it. 28 U.S.C. § 1446(a) (requiring a removing defendant to include "copy of all process, pleadings, and orders *served upon such defendant or defendants* in such action" (emphasis added)).

However, the former two papers (Doc. Nos. 3-1; 3-2) appear to have been filed on the state court docket on August 29, 2023, two days prior to Defendant filing the Notice of Removal in this Court or in the state court below. (*See* Doc. 3-1 at 1; Doc. 3-2 at 1).

2

Defendants' failure to include these papers along with the Notice of Default was, therefore, procedurally improper, but this defect is curable. *See Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."); *see also Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (affirming the proposition that if any papers required under the removal statute "are lacking from the original record, they may be later supplied" (quotation omitted) (citing *Covington v. Indemnity Ins. Co.*, 251 F.2d 930 (5th Cir. 1958)). Although Defendants should have included the service and summons as to the City of Daytona Beach and the Motion for Default with its Notice of Removal, Defendants may remedy this defect by now supplementing the record.

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Strike Notice of Removal (Doc. 3) is **DENIED**. On or before **June 21, 2024**, Defendants shall file on the docket a supplement to the Notice of Removal (Doc. 1-1) including the summons and complaint as to Defendant City of Daytona Beach (Doc. 3-1), Plaintiff's Motion for Default (Doc. 3-2), and all other process, pleadings, and orders served upon Defendants at or before the time the original Notice of Removal was filed.

**DONE AND ORDERED** in Orlando, Florida on June 18, 2024.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record