# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DAMIEN BRIGGS,

      Plaintiff,

v.                                            Case No:   6:23-cv-01662-WWB-LHP

CITY OF DAYTONA BEACH, et al.,

      Defendants

## SUPPLEMENTAL BRIEFING ORDER

This cause comes before the Court on review of Plaintiff's Amended Motion to Quash Subpoenas or, in the Alternative, Motion for Protective Order, filed on January 6, 2025, Doc. No. 49, and Defendant City of Daytona Beach's Response in Opposition, filed on January 14, 2025, Doc. No. 51.[1]  The motion relates to a Notice of Service of Non-Party Subpoena served by Defendant on December 20, 2024 as to non-party Kerry Chiaravelle and an attached blank subpoena that includes an "Attachment 'A.'"  Doc. No. 49-1.  Defendant does not attach any competing

---

[1] Defendant Roger Lawson has not filed a response, and his time for doing so has expired.  *See* Doc. No. 22 ¶ 5.

subpoena to its filing. Doc. No. 51. Upon review, the Court finds supplemental briefing from the parties appropriate. *See* Doc. No. 22 ¶ 6.

Accordingly, it is **ORDERED** that on or before **January 21, 2025,** Plaintiff shall file a supplemental brief, not to exceed **five (5) pages** in length, addressing, **with citation to applicable legal authority**:

(1) Whether the subpoena attached to the motion was the subpoena served on non-party Kerry Chiaravelle, and if so, whether the subpoena is invalid because it is blank. *See* Doc. No. 49-1, at 3–4.

(2) Assuming the subpoena is valid, Defendant's contentions that Plaintiff lacks standing to assert a privacy interest in the financial records of a third-party and that the information sought is relevant to Plaintiff's damages claim for lost income. *See* Doc. No. 51.

It is further **ORDERED** that on or before **January 21, 2025**, Defendant shall file a supplemental brief, not to exceed **five (5) pages** in length, addressing, **with citation to applicable legal authority**:

(1) Whether the Court should treat the motion to quash as unopposed given that Defendant's response was untimely filed. *See* Doc. No. 22 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion and that failure to file a timely response *will* result in the discovery motion being deemed unopposed).

(2)   Whether the subpoena attached to the motion was the subpoena served on non-party Kerry Chiaravelle, and if so, whether the subpoena is invalid because it is blank.   *See* Doc. No. 49-1, at 3–4.

The Court will resolve the motion after receipt of the supplemental briefing, or after setting a hearing on the matter, should the Court deem a hearing necessary. *See* Doc. No. 22 ¶ 6.   The parties are reminded of their continuing obligation to confer concerning this dispute.   *See id.* ¶ 8.

**DONE** and **ORDERED** in Orlando, Florida on January 14, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties