**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAMIEN BRIGGS,

        Plaintiff,

v.                                      Case No:    6:23-cv-1662-WWB-LHP

CITY OF DAYTONA BEACH and
ROGER LAWSON,

        Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S AMENDED MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW (SHORT FORM (Doc. No. 49)**
>
> **FILED:**     **January 6, 2025**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff moves to quash and/or for a protective order regarding a subpoena issued by Defendant City of Daytona Beach directed to third-party, Kerry

Chiaravalle, Plaintiff's spouse.  Doc. No. 49.[1]  Defendant seeks from Ms. Chiaravalle: "Complete federal income tax returns to include any forms, schedules, or applications in your possession, custody, or control for the 2022 and 2023 tax years, and any other tax years in which [Plaintiff] was listed as a dependent."  Doc. No. 49-1; *see also* Doc. No. 53-1.  Plaintiff argues that tax returns are privileged, he has a privacy interest in the tax returns as his own financial records, and Defendant seeks information irrelevant to the claims raised in this case.  Doc. No. 49.  Defendant opposes, arguing that Plaintiff lacks standing, Ms. Chiaravalle is willing to produce the records, and the documents are relevant to Plaintiff's claims of lost income in this case because Ms. Chiaravalle claimed Plaintiff as a dependent on her 2022 and 2023 returns.  Doc. No. 51.[2]

---

[1] Plaintiff refers to Ms. Chiaravalle as his spouse, while Defendant refers to Ms. Chiaravalle as the mother of Plaintiff's children and not his spouse.  Doc. Nos. 49, 51.  The distinction is not dispositive of the issues raised in the motion, so the Court refers to Ms. Chiaravalle as Plaintiff's spouse.

[2] Defendant's motion was filed one day after its response deadline, and accordingly, the Court ordered Defendant to address this issue in supplemental briefing.  Doc. Nos. 51–52.  Upon consideration of Defendant's representations, Doc. No. 53, the Court will accept the response (Doc. No. 51) as timely filed.  However, going forward, Defendant is cautioned that failure to comply with Court Orders or applicable Local Rules may result in the offending filing being stricken or summarily denied without further notice.

The Court ordered supplemental briefing from the parties, Doc. Nos. 52–54, and the matter is now ripe. For the reasons discussed below, Plaintiff's motion (Doc. No. 49) will be denied.

As an initial matter, Plaintiff attached to his motion a Notice of Service of Non-Party Subpoena served on Plaintiff on December 20, 2024, with an attached blank subpoena except for an "Attachment 'A.'" Doc. No. 49-1. Accordingly, the Court ordered supplemental briefing on whether the blank subpoena was invalid. Doc. No. 52. In response, Defendant submits a subpoena it contends was served on Plaintiff, which does include information on it, but is unsigned by counsel and unexecuted by the Clerk. Doc. No. 53-1. Defendant argues that the lack of a signature does not invalidate the subpoena, and because Plaintiff objected to the subpoena, the subpoena was not executed and has not yet been served on Ms. Chiaravalle. Doc. No. 53, at 2, 5. For his part, Plaintiff argues only that the subpoena is invalid because the copy served on Plaintiff was not signed by counsel or the Clerk, and thus the subpoena does not comply with Federal Rule of Civil Procedure 45. Doc. No. 54, at 2.

Given Defendant's explanation that the subpoena has not yet been served on Ms. Chiaravalle and thus remains unexecuted, the submission of a subpoena that is not blank, Doc. No. 53-1, and Defendant's citation to persuasive legal authority finding that a lack of signature does not necessarily invalidate a subpoena where

there is evidence of an intent to enforce it, and with no contrary authority cited by Plaintiff, Doc. No. 54, the Court does not find the lack of signature by counsel or the Clerk dispositive of Plaintiff's motion.   *See* Doc. No. 53, at 5; *Su v. BASCO Enters., LLC*, No. 1:23-MC-00041-TWP-KMB, 2023 WL 7548470, at *3 (S.D. Ind. Oct. 20, 2023); *Atl. Inv. Mgmt., LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395, 397 (N.D. Ill. 2002).

As to the merits, putting aside the issue of standing under Federal Rule of Civil Procedure 45, it is clear that Plaintiff, as a party to this case, has standing to move for a protective order under Federal Rule of Civil Procedure 26.   *See Baptiste v. Centers, Inc.*, No. 5:13-cv-71-Oc-22PRL, 2013 WL 3196758, at *2 (M.D. Fla. June 21, 2013); *United States Equal Emp. Opportunity Comm'n v. Choate Constr. Co., Inc.*, No. 3:08-cv-910-J-34MCR, 2009 WL 10673093, at *2 (M.D. Fla. Feb. 23, 2009); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006); *see also Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information.").   Accordingly, the Court rejects Defendant's argument that Plaintiff lacks standing, and will consider the present motion as one for a protective order under Rule 26.

That said, Plaintiff's argument that he has a privacy interest in the tax returns, or that the tax returns seek privileged information, is unavailing.   Even assuming that Plaintiff can assert a privacy interest in the tax returns of another (Ms.

- 4 -

Chiaravalle), in the discovery context, it does not appear that in this Circuit there is a special rule protecting tax returns from discovery by the opposing party. *See Erenstein v. S.E.C.*, 316 F. App'x 865, 869–70 (11th Cir. 2008) ("[I]n civil cases, we have not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead have determined that such information need be only arguably relevant." (citing *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997)));[3] *see also Coach, Inc. v. Visitors Flea Mkt., LLC*, No. 6:11-cv-1905-Orl-19TBS, 2013 WL 5770598, at *2 (M.D. Fla. Oct. 24, 2013) (discussing conflicting authority on whether tax returns are entitled to enhanced protections from discovery, collecting cases, and following Eleventh Circuit's previous reliance on "arguably relevant" standard in *Maddow*); *C&M Inv. Grp., Ltd. v. Campbell*, No. 8:10-cv-394-T-30EAJ, 2011 WL 13186662, at *3 (M.D. Fla. Mar. 7, 2011) ("There is no reasonable expectation of privacy in tax returns because they are prepared for disclosure to a third-party. There is no merit to Defendants' assertion of spousal privilege as to the joint tax returns.").

Accordingly, discoverability of the tax returns is a question of relevance. *See Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990); *see also*

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

*Patel v. Fed. Ins. Co.*, No. 6:23-cv-1779-RBD-DCI, 2024 WL 916558, at *2 (M.D. Fla. Mar. 4, 2024) ("[A]lthough the Florida courts have recognized a right of privacy in financial records, if those records are relevant to the issues in the case, they are discoverable." (citation omitted)). And a showing of relevance is often made if the party has placed its financial condition at issue. *See Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy, Inc.*, No. 3:15-cv-1112-J-39MCR, 2016 WL 8929072, at *4 (M.D. Fla. Oct. 25, 2016) ("Financial records are 'relevant' under Rule 26 if a party places its financial condition at issue in the lawsuit." (citations omitted)).

Plaintiff contends that Ms. Chiaravalle's tax returns are irrelevant because Defendant seeks information for the 2022 and 2023 tax years, but the incident at issue (false arrest, excessive force, unlawful search and seizure), occurred in August 2020. Doc. No. 49, at 3; Doc. No. 54, at 4; *see also* Doc. No. 1. Plaintiff also argues that the information is cumulative because Ms. Chiaravalle testified at deposition that Plaintiff was claimed as a dependent on those returns. Doc. No. 49, at 3. Defendant, on the other hand, argues that because Plaintiff is claiming lost income as damages, Defendant is entitled to documentation that Plaintiff was claimed as a dependent by Ms. Chiaravalle, particularly where Ms. Chiaravalle testified at deposition that she handles Plaintiff's taxes and financial records. Doc. No. 51, at 2, 3.

Upon review, the Court agrees with Defendant that the information could be relevant. In the complaint, Plaintiff seeks over $1,000,000.00 in monetary damages, based in part on loss of earnings and loss of earning ability. *E.g.*, Doc. No. 1 ¶¶ 11, 90, 96. Whether Ms. Chiaravalle claimed Plaintiff as a dependent on her tax returns could be arguably relevant to this inquiry. *See Erenstein*, 316 F. App'x at 870 (citing *Maddow*, 107 F.3d at 853); *see also Neira v. Gualtieri*, No. 8:22-cv-1720-CEH-NHA, 2024 WL 865883, at *11 (M.D. Fla. Feb. 29, 2024) (tax returns relevant to claim for damages for a permanent loss of wages); *Doe No. 2 v. Epstein*, No. 08-80232, 2009 WL 10667853, at *2 (S.D. Fla. Oct. 28, 2009) (tax returns and supporting information relevant to claimed damages regarding loss of earning capacity); *Beller v. Credit Alliance Corp.*, 106 F.R.D. 557, 559 (N.D. Ga. 1985) (granting motion to compel tax returns because "[p]laintiff has put his own financial condition at issue in the case by claiming that Defendants caused financial hardship for him"). The Court also finds Plaintiff's argument that production of the tax returns would be cumulative unavailing. *See, e.g.*, *Capone v. Est. of Ison*, No. 06-80945, 2008 WL 2277507, at *4 (S.D. Fla. May 30, 2008) (negating similar argument that production of tax returns would be cumulative of deposition testimony, as the court could "understand why Defendants wish to see what [was] officially filed").

For these reasons, Plaintiff's Amended Motion to Quash Subpoenas or, in the Alternative, Motion for Protective Order (Doc. No. 49) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties