**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DAMIEN BRIGGS,

       Plaintiff,

v.                                                Case No:   6:23-cv-1662-WWB-LHP

CITY OF DAYTONA BEACH and
ROGER LAWSON,

       Defendants

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION (AND MEMORANDUM OF LAW) (Doc. No. 68)
>
> **FILED:**     March 27, 2025
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On July 20, 2023, Plaintiff Damien Briggs filed suit in state court against Defendants City of Daytona Beach and Roger Lawson, alleging violations of Plaintiff's civil rights and related state law claims, arising out of an alleged false

arrest and fabricated arrest report. Doc. No. 1. Defendants removed the case to this Court on August 31, 2023, pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1441, 1443, and 1446. Doc. No. 1-1. Discovery closed on April 4, 2025. Doc. No. 21.

On March 27, 2025, eight (8) days before the close of discovery, Plaintiff filed the above-styled motion, seeking to compel the City of Daytona Beach ("City") to produce documents in response to two (2) requests for production. Doc. No. 68. Specifically, Plaintiff seeks an order compelling production of: (1) a copy of the disciplinary history of Brian Biddix (Request No. 7); and (2) a copy of the disciplinary history of Joshua Mersereau (Request No. 8). *Id.*, *see also* Doc. No. 68-1, at 2. The City objected to both of these requests on the basis that they were not relevant nor proportional to the needs of the case, and that the requests were overly broad and not reasonably limited in time or scope to the events relevant to the complaint. Doc. No. 68-2, at 2-3. Plaintiff contends that these document requests seek relevant information related to his claims that the City had a policy, custom, and/or practice of deliberate indifference to allowing officers to complete inaccurate police reports to substantiate false arrests, and that officer Joshua Mersereau was present at Plaintiff's arrest and later terminated. Doc. No. 68, at 2-3. Plaintiff also references allegations in his complaint that name both Brian Biddix and Joshua Mersereau. *Id.*

In response, the City states that it objected to these document requests because neither officer was involved in Plaintiff's arrest, and Brian Biddix has not worked for the City since April 2015. Doc. No. 69. The City also reiterated its objection that the document requests were not reasonably limited to any particular time period or to any issues raised in this case, and while Plaintiff cites to allegations in his complaint in his motion, the document requests are not limited to any specific allegations from that pleading. *Id.*, at 2, 3.

Upon review of the motion and response, the Court directed Plaintiff to file a reply brief on or before Friday, April 4, 2025, addressing the issues raised in the City's response, in particular the "contention that Plaintiff has not limited the scope of his requests to the incidents alleged in the complaint or addressed in the motion to compel, and that the requests are not limited in time or scope." Doc. No. 70. As of the date of this Order, Plaintiff has not filed his reply brief or otherwise addressed the issues raised in the Court's Order, and the time to do so has now expired.[1]

With the motion now fully briefed, and in light of Plaintiff's failure to file his reply, the Court finds the City has the better argument. The two document

---

[1] At 10:31 pm on Monday, April 7, 2025, Plaintiff filed a reply brief. Doc. No. 74. Plaintiff did not seek an extension of time to file the reply, nor does the reply explain why it was late-filed. *Id.* Accordingly, the Court struck the reply as untimely. Doc. No. 76.

requests are patently over broad on their face. They are not limited to any specific time period, and Plaintiff makes no argument as to any specific time period that should apply. The document requests are also not limited in any manner to any specific topic – they simply request the entire disciplinary history of both officers, without any explanation, and Plaintiff wholly fails to cite any legal authority demonstrating that Plaintiff would be entitled to such broad reaching information in this case. *See, e.g., Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-cv-1590-PGB-LHP, 2022 WL 19355853, at *5, 8 (M.D. Fla. Sept. 12, 2022) (denying motion to compel where requests for production were patently overbroad where some provided no temporal scope, and some provided no limitations as to subject matter); *Allen v. First Unum Life Ins. Co.*, No. 2:18-cv-69-FtM-29MRM, 2020 WL 6882169, at *16 (M.D. Fla. Sept. 30, 2020) (denying motion to compel where discovery requests sought "all meeting minutes" without any limitation to specific topics and where plaintiff failed to explain how the "broad set of documents requested" related to the allegations of the complaint); *Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery"); *Zamperla, Inc. v. I.E. Park SrL*, No. 6:13-cv-

- 4 -

1807-Orl-37KRS, 2014 WL 11332269, at *5 (M.D. Fla. Oct. 23, 2014) (denying motion to compel as to interrogatories that provided no time frame).

While the Court has the authority to narrow discovery requests, in this instance the Court would be wholesale redrafting the discovery requests without any guidance from Plaintiff. The Court will not do Plaintiff's job for him, particularly when the Court provided Plaintiff an opportunity to further explain his position and to provide legal authority in support, but he declined to do so. *See Kyles v. Health First, Inc.*, No. 6:09-cv-1248-Orl-28GJK, 2010 WL 11626712, at *2 n.2 (M.D. Fla. Sept. 27, 2010) ("It is not the trial court's responsibility to redraft, rewrite or narrow a discovery request which on its face is patently overbroad or vague. Therefore, if during the parties' good faith conference pursuant to Local Rule 3.01(g) a party seeking discovery is presented with a credible argument that their request is overbroad, it may be more prudent for the party seeking discovery to propound a new more particularized request in order to avoid the risk that colorable objection may be sustained as well as the associated delay in obtaining what is discoverable." (citations omitted)).

Accordingly, Plaintiff's motion to compel (Doc. No. 68) is **DENIED.** With discovery now closed, Plaintiff may not file any renewed motions. *See* Doc. No. 21, at 4 ("The Court may deny as untimely all motions to compel filed after the discovery deadline.").

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties